**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**David Johnson, Susan Johnson, and all others similarly situated**

**Plaintiffs,**

v.

**ABN AMRO Mortgage Group, Inc., and Standard Federal Bank,**

**Defendants.**

**Civil No. 01-cv-848 (DWF/SRN)**

**ORDER**

---

Teresa Pike Tomlinson, Esq., Barry Reed, Esq., and Richard Gill, Esq. on behalf of Plaintiffs.

Dale Larson, Esq., Margaret Savage, Esq., and Alan Maclin, Esq., on behalf of Defendant Standard Federal Bank.

Diane Kehl, Esq. on behalf of Defendant ABN AMRO Mortgage Group.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above captioned matter came before the undersigned United States Magistrate Judge on December 18, 2002, on Plaintiffs' Motion to Adopt Discovery from Related Action (Doc. No. 34).

The Court grants Plaintiff's motion with the understanding that all objections to the admissibility of evidence and all objections to the recovery of attorneys' fees are preserved. The Court further reserves the issue of entry or modification of a protective order. If the parties are unable to reach agreement on this issue, they are free to raise the issue with the Court at a later date.

DEC 20 2002
FILED ____________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiffs' Motion to Adopt Discovery from Related Action (Doc. No. 34) is **GRANTED** consistent with the provisions included in the body of this Order.

Dated: December 20, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.